## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANDREW BONE and <br> CHRISTOPHER BONE, <br><br> Plaintiffs, <br><br> vs. <br><br> ST. CHARLES COUNTY <br> AMBULANCE DISTRICT, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and for their Complaint against St. Charles County Ambulance District, state and allege as follows:

### Nature of Case

1.  Plaintiff Andrew Bone has been employed by Defendant St. Charles County Ambulance District (hereinafter "SCCAD" or "Defendant") from September 2008 through the present as a paramedic. SCCAD is a political subdivision of the State of Missouri. On or about May 1, 2015, Plaintiff Andrew Bone applied for spousal health, dental, vision and life insurance benefits through SCCAD's employee insurance plan for his husband, Plaintiff Christopher Bone. Andrew and Christopher Bone were married in California in September of 2014, and have a valid marriage certificate form that State. Christopher Bone had recently lost his job and insurance, and Andrew Bone subsequently sought spousal health, dental, vision and life insurance coverage through the "Life Event Change" provisions of SCCAD's employee insurance plan. On May 5, 2015, Andrew Bone was informed that his application for Life Event Change had been approved, and that his husband Christopher Bone was added on Andrew's insurance plan as a dependent as

1

of April 30, 2015. However, on May 13, 2015 (the same day Christopher Bone was in the hospital for surgery to be covered by Andrew Bone's insurance plan), Andrew Bone was informed by SCCAD human resources that "[a]fter further review" his application for spousal insurance coverage was being denied because "SCCAD must follow the insurance laws of the State and at this time the State of Missouri does not recognize same sex and common-law marriages." SCCAD's reason for denying the benefits is based on an erroneous interpretation of the law.

    2.    In *Barrier v. Vasterling*, a Missouri state court declared that Missouri's statutory and constitutional provisions that deny legal recognition to the marriages of same-sex couples violate the Fourteenth Amendment to the United States Constitution and issued a permanent injunction barring their enforcement. *Barrier v. Vasterling*, No. 1416-CV03892, 2014 WL 4966467 (Mo. Cir. Ct. Oct. 3, 2014), *amended by*, 2014 WL 5469888 (Mo. Cir. Ct. Oct. 27, 2014). The State of Missouri, through Governor Jeremiah (Jay) Nixon and Attorney General Chris Koster, in their official capacities, was a party to the proceedings and is therefore bound by the injunction and declaratory judgment. The defendants in *Barrier* declined to appeal, and the *Barrier* decision is now the law for all government subdivisions of the State of Missouri. SCCAD's health insurance plan, through Anthem BlueCross BlueShield, states that "[n]o person who is eligible to enroll will be refused enrollment based on health status, health care needs, genetic information, previous medical information, disability, **sexual orientation or identity, gender** or age." (emphasis added). Also, SCCAD's contract and memorandum of understanding with Andrew Bone's union states that "[t]he District further agrees to maintain and pay for 100% of the costs of said level of health insurance for employee dependents, if needed." The Union contract further states as follows:

> The Union and District agree to be non-discriminatory in all phases of employer and employee relationships including hiring, promotion, discharge, pay and **fringe**

**benefits**, on the basis of race, age, color, religion, **sex, sexual orientation**, national origin or disability, in accordance with applicable law.

(emphases added).

3. Despite Missouri's recognition of Plaintiffs' marriage following the *Barrier* decision, and despite the language prohibiting discrimination based on gender and sexual orientation in SCCAD's own employee insurance plan and union contract, SCCAD refuses to recognize Plaintiffs' marriage and refuses to provide Plaintiffs the same spousal benefits provided to SCCAD's other employees and their spouses. SCCAD's refusal to provide Plaintiffs with the same spousal benefits it provides to employees with different-sex spouses violates Plaintiffs' rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Plaintiffs seek declaratory and injunctive relief, as well as compensatory damages, punitive damages, and attorneys' fees/costs.

## Jurisdiction and Venue

4. This action arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant resides in St. Charles County, Missouri, which is located in this judicial district, and a substantial portion of the events or omissions giving rise to the claims occurred in St. Charles County, Missouri.

## Parties

6. Plaintiff Andrew Bone and Plaintiff Christopher Bone are both residents of Missouri.

7. Defendant is a political subdivision of the State of Missouri, organized pursuant to Missouri law, and is a body capable of being sued. § 190.010, R.S.Mo.

8. Defendant has acted, and continues to act, under color of state law at all times relevant to this Complaint.

**Factual Allegations**

9. Plaintiff Andrew Bone is employed by Defendant as a paramedic.

10. Plaintiff Andrew Bone is a full-time employee of Defendant.

11. Plaintiff Andrew Bone has been an employee of Defendant since September of 2008.

12. In September 2014, Plaintiff Andrew Bone married Plaintiff Christopher Bone in California.

13. Both Plaintiffs are men.

14. Same-sex couples may lawfully marry in California and were permitted to do so at the time of Plaintiffs' marriage.

15. Defendant offers its full-time employees benefits that include full health, dental, and life vision insurance coverage for employees' spouses.

16. Plaintiff Andrew Bone, as an employee of Defendant, is a union member of the Professional Firefighters of Eastern Missouri IAFF Local 2665.

17. Plaintiff Andrew Bone's union and Defendant have entered into a contract and memorandum of understanding, which is currently in effect.

18. Defendant's contract and memorandum of understanding with Plaintiff Andrew Bone's union states that "[t]he District further agrees to maintain and pay for 100% of the costs of said level of health insurance for employee dependents, if needed."

4

19. Defendant is authorized to provide health and other benefits to employees and their spouses. § 190.060, R.S.Mo.

20. Defendant's insurance plan for its employees provides for insurance coverage for employees' "dependents." Pursuant to Defendant's insurance plan, an employee's spouse qualifies as a dependent.

21. Plaintiff Christopher Bone lost his job and his health, vision and dental insurance received through that job, in April 2015.

22. On or about May 1, 2015, Plaintiff Andrew Bone applied for dependent/spousal health, dental, vision and life insurance benefits through SCCAD's employee insurance plan for Plaintiff Christopher Bone.

23. On or about May 5, 2015, Plaintiff Andrew Bone was informed by a human resources representative of SCCAD that his application had been approved, Christopher Bone would be added to his insurance as a dependent, and that his benefits would be changed to the following: Medical – Anthem BCBS Employee + Spouse; Dental – Delta Dental PPO Employee + Spouse; Vision – Family; Spouse Life – Coverage Level: $125,000.00. These changes were to be effective beginning April 30, 2015.

24. Subsequent to this initial approval, proof of coverage for Plaintiff Christopher Bone (through Plaintiff Andrew Bone's insurance plan) was sent to Christopher's doctor.

25. On May 13, 2015, Plaintiff Christopher Bone was in the hospital for a prescheduled surgery. This surgery was supposed to be covered by Plaintiff Andrew Bone's insurance plan through SCCAD.

26. On May 13, 2015, while Plaintiff Andrew Bone was in the hospital for Plaintiff Christopher Bone's surgery, Andrew was informed by a human resources representative of

5

SCCAD that "[a]fter further review" his application for spousal insurance coverage was being denied.

27. Defendant's decision to deny insurance coverage for Plaintiff Christopher Bone through Plaintiff Andrew Bone's insurance plan is based on Defendant's stated position that "SCCAD must follow the insurance laws of the State and at this time the State of Missouri does not recognize same sex and common-law marriages."

28. Defendant continues to refuse to recognize Plaintiffs' marriage for purposes of insurance coverage.

29. Defendant continues to refuse to provide Plaintiffs the same spousal benefits provided to SCCAD's other employees and their spouses.

30. If Plaintiffs were not a same-sex couple, Defendant would recognize Plaintiffs' marriage for the purposes of insurance coverage and would provide Plaintiffs with spousal benefits under Defendant's employee insurance plan.

31. On October 3, 2014, the Circuit Court of Jackson County declared that Mo. Rev. Stat. § 451.022 and Art. I, § 33 of the Missouri Constitution violate the Fourteenth Amendment to the United States Constitution insofar as they prohibit the recognition of marriages of same-sex couples married in jurisdictions where marriage of same-sex couples is lawful. See *Barrier v. Vasterling*, No. 1416-CV03892, 2014 WL 4966467 (Mo. Cir. Ct. Oct. 3, 2014), *amended by*, 2014 WL 5469888 (Mo. Cir. Ct. Oct. 27, 2014).

32. The *Barrier* judgment is final and is in full force and effect.

33. The State of Missouri, through its Governor and Attorney General in their official capacities, was a party to the Barrier case.

34. No appeal was taken from the judgment declaring Mo. Rev. Stat. § 451.022 and Art. I, § 33 of the Missouri Constitution unconstitutional, and the time for an appeal has expired.

35. The Attorney General is vested with authority to conduct all litigation in the name of the State of Missouri. Mo. Rev. Stat. § 27.060. The final results of such litigation are binding on the State of Missouri and may not be collaterally attacked by other governmental officials. *See State ex rel. Missouri Pac. Ry. Co. v. Williams*, 120 S.W. 740, 749 (Mo. 1909).

36. In addition, the United States District Court of the Western District of Missouri in *Lawson v. Kelly* held that Mo. Rev. Stat. § 451.022 and Art. I, § 33 of the Missouri Constitution, as well as any other provision of state law that precludes people from marrying solely because they are of the same gender, violates the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. 58 F. Supp. 3d. 923 (W. D. Mo. Nov. 7, 2014).

37. Defendant's refusal to extend equal benefits to Plaintiffs is caused by its policy of refusing to recognize lawful and valid same-sex marriages.

**COUNT I – 42 U.S.C. § 1983 – Discrimination on the Basis of Sexual Orientation in Violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution**

38. Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as though fully set forth here.

39. Defendant's policy of refusing to recognize Plaintiffs' marriage and failing to provide to them the benefits provided to other married employees and their spouses disadvantages and discriminates against Plaintiffs because of their sexual orientation.

40. Plaintiff Andrew Bone is similarly situated to Defendant's other married full-time employees, and Plaintiff Christopher Bone is similarly situated to the spouses of Defendant's other married full-time employees.

41. There is no rational, substantial, or compelling governmental interest justifying Defendant's discriminatory policy.

42. Defendant's refusal to provide Plaintiffs with the same spousal benefits as other married employees and their spouses violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution.

43. As a result of Defendant's conduct, Plaintiffs have incurred damages.

44. Defendant's conduct, as described above, was motivated by evil motive or intent, or involves reckless or callous indifference to the federally protected rights of others. Therefore, Plaintiffs are entitled to recover punitive damages.

**COUNT II – 42 U.S.C. § 1983 –Discrimination on the Basis of Sex in Violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the U.S. Constitution**

45. Plaintiffs incorporate by reference all of the preceding paragraphs of this Complaint as though fully set forth here.

46. Defendant's policy of refusing to recognize Plaintiffs' marriage and failing to provide to Plaintiffs the benefits provided to other married employees and their spouses disadvantages and discriminates against Plaintiffs because both Plaintiffs are men.

47. There is no exceedingly persuasive justification for Defendant's policy of refusing to recognize Plaintiffs' marriage and failing to provide to them the benefits provided to other married employees and their spouses on the basis of sex.

48. Defendant's refusal to recognize Plaintiffs' marriage because of their sex/gender violates the Equal Protection and Due Process Clauses of the Fourteenth Amended to the U.S. Constitution.

49. As a result of Defendant's conduct, Plaintiffs have incurred damages.

50. Defendant's conduct, as described above, was motivated by evil motive or intent, or involves reckless or callous indifference to the federally protected rights of others. Therefore, Plaintiffs are entitled to recover punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court:

A. Enter a declaratory judgment, pursuant to 42 U.S.C. § 1983, that Defendant's policy of refusing to recognize Plaintiffs' marriage and failing to provide to Plaintiffs the benefits provided to other married employees and their spouses violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution;

B. Grant a permanent injunction requiring Defendant to provide Plaintiffs with the benefits and insurance coverage at issue herein and prohibiting Defendant from treating Plaintiffs differently than any other similarly situated married employees and their spouses;

C. Grant a permanent injunction directing Defendant to recognize marriages validly entered into outside the state of Missouri by Plaintiffs and any other employees who are part of a same-sex marriage;

D. Award compensatory damages;

E. Award punitive damages to punish and deter Defendants and others from like conduct;

F. Award Plaintiffs' costs, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

G. Award such other and further relief as the Court deems just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS/ISSUES TRIABLE TO A JURY**

Respectfully submitted,

**RIGGAN LAW FIRM, LLC**

/s/ Russell C. Riggan
Russell C. Riggan (#53060MO)
Samuel Moore (#58526MO)
132 West Washington Avenue, Suite 100
Kirkwood, Missouri 63122
Phone: (314) 835-9100
Fax: (314) 735-1054
russ@rigganlawfirm.com

*Attorneys for Plaintiffs*