## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANDREW BONE and | ) |
| CHRISTOPHER BONE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:15CV912 RLW |
| | ) |
| ST. CHARLES COUNTY | ) |
| AMBULANCE DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure (ECF No. 9). The motion is fully briefed and ready for disposition. Pursuant to the Joint Status Report filed by the parties, Plaintiffs request a briefing schedule to argue that voluntary cessation of unlawful conduct does not moot an injunction motion. Defendants contend that an injunction would be factually and legally inappropriate and unnecessary. After review of the motion and related pleadings, the Court will deny Plaintiffs' Motion for Preliminary Injunction.

## Background

Plaintiff Andrew Bone is employed as a paramedic with Defendant St. Charles County Ambulance District ("SCCAD"). In September 2014, Andrew Bone married Plaintiff Christopher Bone in California, and the couple has a marriage license from California. Defendant offers health and other insurance benefits to employees and their spouses. Christopher Bone lost his job and the health, vision, and dental insurance benefits he received through that job. On May 1, 2015, Andrew Bone applied for dependent/spousal benefits through

Defendant's insurance plan for Christopher Bone. Andrew Bone was advised on May 5 that his application had been approved, effective April 30, 3015.

On May 13, 2015, Plaintiff Christopher Bone was hospitalized for pre-scheduled surgery. On that same date, human resources contacted Andrew Bone and informed him that on further review his application for spousal insurance coverage was denied because Missouri did not recognize same-sex marriages. However, on June 26, 2015, the United States Supreme Court issued an opinion in *Obergefell v. Hodges*, __ U.S. __, 135 S. Ct. 2584 (2015), finding that couples of the same sex may not be deprived of the right to marry. *Id.* at 2605. The Supreme Court also found that a State has no lawful basis to refuse to recognized a same-sex marriage performed in another State on the basis of its same-sex character. *Id.* at 2608.

After the Supreme Court handed down its decision, Plaintiffs filed a Motion for Preliminary Injunction, asking this Court to enjoin Defendant from refusing to recognize Plaintiffs' legal marriage and ordering the Defendant to offer Plaintiffs the same benefits it offers to employees with different-sex spouses. However, Defendant informed Plaintiffs' counsel that it would honor the *Obergefell* decision and recognized legally obtained same-sex marriages, as well as provide to employees with same-sex spouses the same benefits as those offered to employees with different-sex spouses. Plaintiffs continue to argue that a preliminary injunction is warranted in this case.

## Discussion

To determine whether to grant or deny a preliminary injunction, courts weigh four factors: "'(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.'" *Adam-Mellang*

*v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). Further, "'[t]he basis of injunctive relief in federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Id.* (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).

Here, Plaintiffs argues that Defendant continues to withhold health coverage from Christopher Bone such that Plaintiffs have no adequate legal remedies. Plaintiffs request "an expeditious ruling from the Court to enter an injunction requiring Defendant to provide the insurance coverage, to be retroactive and effective May 1, 2015." (Pls.' Reply Mem. 2, ECF No. 17) (emphasis in original) Plaintiffs further assert that even if coverage were provided, Plaintiffs have suffered irreparable harm from Defendant's initial refusal to provide insurance coverage from the time of Plaintiffs' first request. Defendant, on the other hand, contends that Plaintiffs cannot demonstrate irreparable harm because the Plaintiffs have the relief they seek, insurance benefits with an effective date of May 1, 2015. Further, Defendant recognizes same-sex marriages and provides benefits to all employees' spouses, including same-sex spouses. (Joint Status Report Ex. 1, ECF No. 19-1)

The Court finds that Plaintiffs are unable to demonstrate the requisite irreparable harm such that injunctive relief is not warranted. Plaintiffs argue that the violation of constitutional rights constitutes irreparable harm as a matter of law. While Plaintiffs assert that Defendant is discriminating against them based on their sex and sexual orientation, the Motion to Recognize Spouse in the Provision of Health, Accident, Disability, Pension Benefits and Other Similar Benefits for Employees as Including Same Sex Spouses explicitly states that SCCAD is extending benefits to all legally married same sex spouses of employees. (ECF No. 19-1) Indeed, given that the Defendant recognizes Plaintiffs' marriage and is providing spousal

3

benefits with an effective date of May 1, 2015, Plaintiffs are unable to show irreparable harm. (Joint Status Report ¶ 4, ECF No. 19) In light of these facts, the Court fails to see the risk of any "'certain and great' harm that could be prevented by an injunction." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012) (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996)).

Further, Plaintiffs have an adequate remedy at law. Plaintiffs assert that Christopher Bone has suffered adverse consequences including the inability to afford medications, the inability to pay medical bills, and a negatively impacted credit rating. Plaintiffs maintain that these problems will continue to exist until Defendant provides insurance coverage retroactively. Aside from the fact that Defendant has provided the relief requested by Plaintiffs, any other harm suffered by Plaintiffs could be adequately addressed through monetary damages. *See CDI Energy Servs. V. West River Pumps, Inc.*, 567 F.3d 398, 403 (8th Cir. 2009) (stating that the harm that already occurred could be remedied through damages); *Midwest Theatres Corp. v. IMAX Corp.*, No. 08-5823(DSD/SRN), 2008 WL 4832598, at *2 (D. Minn. Nov. 3, 2008) (finding any harm could be adequately remedied through monetary damages where plaintiff was able to calculate and/or quantify past and future damages).

The Court notes that "a failure to demonstrate irreparable harm, standing alone, may be a sufficient basis to deny preliminary injunctive relief." *Caballo Coal Co. v. Ind. Mich. Power Co.*, 305F.3d 796, 800 (8th Cir. 2002) (citing *Dataphase*, 640 F.2d at 114 n.9). Plaintiffs here have not met their burden of demonstrating "that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted). To the contrary, Defendant has already provided the exact remedy Plaintiffs seek in their Motion for

4

Preliminary Injunction, recognition of Plaintiffs' legal marriage and the provision of benefits to

employees and their same-sex and different-sex spouses.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (ECF

No. 9) is **DENIED.**

Dated this __16th__ day of September, 2015.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[1] While Plaintiffs argue that voluntary cessation of unlawful conduct does not moot an injunction motion, the Court notes that the Eighth Circuit recently stated, "assurances of compliance with *Obergefell* do not moot the case." *Waters v. Ricketts*, __ F.3d __, 2015 WL 4730972, at \*2 (8th Cir. Aug. 11, 2015). However, the court also instructed the district court to consider the assurances and actions and the scope of any injunction, based on *Obergefell* and Rule 65(d). *Id.* Here, Defendant has issued a motion changing its policy with regard to benefits to employees and their same-sex spouses and has provided coverage to Plaintiffs effective May 1, 2015. As such, the Court finds that Defendant has met its "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).